## CIRCUIT COURT OF FAIRFAX COUNTY

Burke Commons Center
Limited Partnership

v.

Jany Yeop Chun
and Obho Chun

May 1, 1990

Case No. (Law) 89262

By JUDGE THOMAS J. MIDDLETON

This case is before the court on the plaintiff's Motion for Judgment. That motion is based upon a lease entered into between the plaintiff, as landlord, and the Korean School of Martial Arts, Inc., as tenant, for which the defendants signed a Guarantee of Lease.

A Summons for Unlawful Detainer was issued from the General District Court on June 24, 1988, presumably for the school's failure to pay rent. A Writ of Possession in Unlawful Detainer was then issued by that same court on September 2, 1988, which ordered the Korean School of Martial Arts to give possession of the premises which were the subject of the lease to the plaintiff.

I find that the issuance of the Writ of Possession was a re-entry of the premises for the purposes of this case.

Paragraph 16 of the Lease reads as follows:

Defaults and Remedies: If Tenant shall abandon or vacate said Premises before the end of the term of this Lease, shall suffer the rent to be in arrears, or violate any other term of this Lease, *Landlord may, at its option, cancel*

> *this Lease, Landlord may enter said Premises as the agent of Tenant, by force or otherwise, without being liable in any way therefor, and relet the premises with or without any furniture or equipment that may be therein, as the agent of Tenant,* at such price and upon such terms and or such duration of time as Landlord may determine, *and receive the rent therefor, applying the same to the payment of the rent due by these presents, and if the full rental herein provided shall not be realized by Landlord over and above the expenses to Landlord in such reletting, Tenant shall pay any deficiency.* (Emphasis added.)

There is no evidence of any attempt to relet the premises by the plaintiff, and therefore, I find paragraph 16 inapplicable to the facts of this case. Instead, I find the re-entry by the plaintiff an acceptance of the School's abandonment of the lease and therefore a termination of that lease. *See, tenBraak v. Waffle Shops, Inc.,* 542 F.2d 919 (4th Cir. 1976). This prohibits any award which includes rents or fees due under the lease for any period after September 2, 1988. The defendants, however, are liable as guarantors of the lease for all amounts due under that lease for all periods up until that point.